UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COURTNEY MOTLEY,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>S. MALTA, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 2:21-cv-02075-GMN-BNW<br><br>**ORDER** |

**I.	DISCUSSION**

On February 17, 2022, the Court issued a screening order permitting eight claims to proceed, dismissing three claims without prejudice and with leave to amend, and dismissing the remaining three claims with prejudice. (ECF No. 5 at 15-16.) The Court granted Plaintiff 30 days from the date of that order to file a second amended complaint curing the deficiencies of the Fourteenth Amendment procedural due process claim, the Fourteenth Amendment conditions of confinement claim, and the negligence claim. (*Id.* at 13-14.) The Court specifically stated that if Plaintiff chose not to file a second amended complaint, the action would proceed on the assault and battery claims, the Fourteenth Amendment excessive force claims, the Fourteenth Amendment failure to intervene claim, and the First Amendment retaliation claim. (*Id.* at 14.) Plaintiff has not filed a second amended complaint.

Pursuant to the screening order, this action will proceed (i) against Defendants S. Malta and S. Miranda on the First Amendment retaliation claim, and the assault, battery, and Fourteenth Amendment excessive force claims based on the September 24, 2021 attack; (ii) against Defendant S. Malta on the assault, battery, and Fourteenth Amendment excessive force claims based on the September 17 or 18, 2021 attack; and (iii) against Defendant S. Miranda on the Fourteenth Amendment failure to intervene claim.

**II.	CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that, pursuant to the Court's screening

order (ECF No. 5), this action will proceed (i) against Defendants S. Malta and S. Miranda on the First Amendment retaliation claim, and the assault, battery, and Fourteenth Amendment excessive force claims based on the September 24, 2021 attack; (ii) against Defendant S. Malta on the assault, battery, and Fourteenth Amendment excessive force claims based on the September 17 or 18, 2021 attack; and (iii) against Defendant S. Miranda on the Fourteenth Amendment failure to intervene claim.

**IT IS FURTHER ORDERED** that the Clerk of the Court will change the name of Defendant S. Maha on the docket sheet to Defendant S. Malta.

The Court requests that Defendants S. Malta and S. Miranda waive service of the summons and first amended complaint (ECF No. 3) by executing, or having counsel execute, a Waiver of Service of Summons. *See* Fed. R. Civ. P. 4(d). Such Waiver must be filed with the Court within 30 days of the issuance of this Order. If these Defendants choose to return the Waiver of Service of Summons, their answer or other appropriate response to the first amended complaint (ECF No. 3) will be due within 60 days of the issuance of this Order. *See* Fed. R. Civ. P. 12(a)(1)(A)(ii); *see also* 42 U.S.C. § 1997e(g)(2).

The Court instructs the Clerk of the Court to mail the following documents to Defendants S. Malta and S. Miranda:

(a) the first amended complaint (ECF No. 3); and

(b) this Order which includes the Notice of Lawsuit and Request to Waive Service of Summons; and the Waiver of Service of Summons form.

DATED: March 28, 2022.

Brenda Weksler
United States Magistrate Judge

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COURTNEY MOTLEY,<br><br>　　Plaintiff,<br><br>v.<br><br>S. MALTA, *et al.*,<br><br>　　Defendants. | Case No. 2:21-cv-02075-GMN-BNW<br><br>**RULE 4 NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS** |

TO:　Defendants S. Malta and S. Miranda
　　　c/o Las Vegas Metropolitan Police Department
　　　400 S. Martin Luther King Blvd., Bldg. B
　　　Las Vegas, NV 89106

　　　A lawsuit has been filed against you or individuals/entities which you represent in this Court under the number shown above. A copy of the first amended complaint (ECF No. 3) is attached. This is not a summons or an official notice from the Court. It is a request that—to avoid the cost of service by the United States Marshals Service—Defendant(s) waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, Defendants must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

　　　If you file the signed waiver, the action will then proceed as if Defendants were served on the date the waiver is filed, but no summons will be served, and Defendants will have 60 days from the date this notice is sent to answer the first amended complaint. If Defendants do not return the signed waiver within the time indicated, the Court will order the United States Marshals Service to personally serve the summons and the first amended complaint on Defendants and may impose the full costs of such service. Please read the statement below about the duty to avoid unnecessary expenses.

　　　Dated: March 28, 2022.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Brenda Weksler
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

- 3 -

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and the first amended complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the Court has no jurisdiction over this matter or over a defendant or a defendant's property.

If the waiver is signed and filed, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must—within the time specified on the waiver form—serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the Court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COURTNEY MOTLEY,<br><br>    Plaintiff,<br><br>v.<br><br>S. MALTA, *et al.*,<br><br>    Defendants. | Case No. 2:21-cv-02075-GMN-BNW<br><br>**RULE 4 WAIVER OF SERVICE OF SUMMONS** |

TO:   The United States District Court for the District of Nevada

The following Defendants acknowledge receipt of your request to waive service of summons in this case.  Defendants also received a copy of the first amended complaint (ECF No. 3).  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the first amended complaint in this action by not requiring that the following be served with judicial process in the case provided by Rule 4 of the Federal Rules of Civil Procedure:

_____;           _____;

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.  Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and that default judgment will be entered against them if they fail to do so.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

| | |
|---|---|
| 1 | |
| 2 | _____<br>(Printed name) |
| 3 | |
| 4 | _____<br>(Address) |
| 5 | |
| 6 | _____<br>(E-mail address) |
| 7 | |
| 8 | _____<br>(Telephone number) |