UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Courtney Motley,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>State of Nevada, *et al.,*<br><br>　　　　Defendants. | Case No. 2:21-cv-02075-GMN-BNW<br><br>**ORDER** |

Before the Court is *pro se* Plaintiff Courtney Motley' motion for appointment of counsel. ECF No. 16. Defendants Malta and Miranda opposed. ECF No. 19.

Plaintiff also filed a motion requesting an evidentiary hearing. ECF No. 17. Defendants opposed. ECF No. 20.

**I.　Appointment of Counsel**

Mr. Motley brought several claims against Defendants Malta and Miranda. This Court screened his complaint and determined that Plaintiff properly pled the following claims: (1) an assault, battery, and Fourteenth Amendment excessive force claim based on the September 17 or 18, 2021 incident against Defendant Malta, (2) an assault, battery, and Fourteenth Amendment excessive force claim based on the September 24, 2021 attack involving Defendants Malta and Miranda, (3) a Fourteenth Amendment failure to intervene claim against Defendant Miranda, and (4) a First Amendment retaliation claim against Defendants Malta and Miranda.

Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In certain circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

1

To determine whether "exceptional circumstances" necessary for appointment of counsel exist, the court evaluates (1) the likelihood of plaintiff's success on the merits and (2) plaintiff's ability to articulate his claim *pro se* "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn*, 789 F.2d at 1331). A court may find that "exceptional circumstances" exist if a claim is either factually or legally complex. *See, e.g.*, *McElyea v. Babbitt*, 833 F.2d 196, 200 n.3 (9th Cir. 1987) (per curiam) (suggesting that a plaintiff's claim concerning the provision of religious books in prison raises "complicated constitutional issues").

**A.    Whether Mr. Motley's Claims Have a Likelihood of Success on the Merits**

Here, as stated above, several of Plaintiff's claims have survived screening. "The Ninth Circuit has indicated that the articulation of a cognizable claim for relief may itself be sufficient to satisfy the 'merit' analysis on a motion for appointment of counsel." *Turner v. Riaz*, No. 216CV0969MCEACP, 2018 WL 5962726, at *4 (E.D. Cal. Nov. 14, 2018). This factor, therefore, weighs in favor of appointing counsel.

Defendants' bald assertions that Plaintiff has no evidence to support his claims and that this case will be disposed of at summary judgment do not persuade the Court otherwise. Ultimately, discovery will flesh out what Plaintiff can and cannot prove.

**B.    Whether Mr. Motley Can Articulate His Claims *Pro Se* "In Light of the Complexity of the Legal Issues Involved"**

The parties dispute whether Mr. Motley can articulate his claims *pro se* "in light of the complexity of the legal issues involved." For the reasons discussed below, the Court will exercise its discretion to appoint counsel for Mr. Crawley.

First, the complaint shows that Mr. Motley does not have a good grasp on § 1983 litigation, as Plaintiff attempted to assert claims of false imprisonment and entrapment and named the State of Nevada as a defendant.

Additionally, as Defendants note, the request for counsel was filed on a template state court form (which actually requests counsel for habeas proceedings).

Moreover, and contrary to Defendants' arguments, it appears Mr. Motley will need the aid of counsel for discovery—especially given the glaringly different recitation of facts provided by each party.

Lastly, the Court recognizes that appointing counsel will allow this case to "undoubtedly proceed more efficiently and effectively." *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam).

Accordingly, these circumstances warrant the appointment of *pro bono* counsel in this case.

## II. Request for Evidentiary Hearing

Based on the order above, the Court does not need an evidentiary hearing to grant Mr. Motley's request for the appointment of counsel. To the extent Mr. Motley is requesting an evidentiary hearing for a different matter (such as habeas), that claim and request must be filed in a different case.

As a result, the Court will deny this request.

## III. Conclusion and Order

Because the Court grants Mr. Motley's motion for appointment of counsel, it will refer the case to the Court's Pro Bono Program to attempt to find an attorney to accept Plaintiff's case. Mr. Motely should be aware that the Court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id*. Additionally, **Mr. Motley is reminded that unless and until counsel is appointed, he is still responsible for complying with all deadlines in his case**. If counsel is found, Mr. Motley will be contacted by counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is referred to the Pro Bono Program adopted in Second Amended General Order 2019-07 for the purpose of screening for financial eligibility (if necessary) and identifying counsel willing to be appointed as *pro bono* counsel for Plaintiff.

1  The scope of appointment shall include the discovery phase through the termination of the case—
2  whether at the dispositive motion phase or trial. Plaintiff is reminded that he must comply with all
3  deadlines currently set in his case and there is no guarantee that counsel will be appointed. If
4  counsel is found, Plaintiff will be contacted by counsel. In addition, the Court will schedule a status
5  hearing to further delineate the scope of representation.

6  **IT IS FURTHER ORDERED** that the Clerk of Court must forward this order to the Pro
7  Bono Liaison.

8  **IT IS FURTHER ORDERED** that Plaintiff's request for an evidentiary hearing at ECF
9  No.17 is **DENIED**.

10  **IT IS FURTHER ORDERED** that the hearing set for September 7, 2022 is vacated.

12  DATED: August 29, 2022.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE