# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

COURTNEY MOTLEY, )
)
              Plaintiff, )     Case No.: 2:21-cv-02075-GMN-BNW
)
   vs. )
)          **ORDER**
MATTHEW MALTA, *et al.*, )
)
          Defendants. )
)
_____ )

      Pending before the Court is the Motion for Summary Judgment, (ECF No. 26), filed by Defendants Matthew Malta and Carlos Miranda ("Defendants"). Plaintiff Courtney Motley ("Plaintiff") did not file a Response.

      Also pending before the Court is Plaintiff's Proposed Joint Pretrial Order, (ECF No. 28).

      For the reasons discussed below, the Court **DENIES without prejudice** Defendants' Motion for Summary Judgment and **DENIES without prejudice** Plaintiff's Proposed Joint Pretrial Order.[1]

---

[1] Federal courts have broad discretion in controlling their dockets. *See, e.g., Landis v. N. American Co.*, 299 U.S. 248, 254 (1936). Courts also have a general duty to avoid deciding unnecessary issues. *See, e.g., U.S. Sec. & Exch. Comm'n v. Jensen*, 835 F.3d 1100, 1113 n.6 (9th Cir. 2016). "To that end, courts may sequence motion practice to avoid deciding unnecessary issues and generally resolve trial-related motions after it is clear there will likely be a trial." *On Demand Direct Response, LLC v. McCart-Pollack*, No. 2:15-cv-01576, 2018 WL 11409439, at *2 (D. Nev. Sept. 24, 2018). "Especially when there is a motion for summary judgment already pending . . . it is not clear that there is likely going to be a trial." *Id.* Thus, it is premature to submit a Joint Proposed Pretrial Order prior to any merits determination on Defendant's summary judgment motion. "Should this matter not be resolved on summary judgment . . ., the Court will direct the filing of a Joint Pretrial Statement in which the parties would address issues associated with settlement and trial." *McCamey v. Smith*, No. 17-cv-0433, 2017 WL 2664588, at *4 n.2 (W.D. Wash May 17, 2017); *see Kolas v. Wal-Mart Stores, Inc.*, No. 2:17-cv-01597, 2018 WL 11444060, at *1 (D. Nev. Mar. 23, 2018) ("If this case proceeds past the summary judgment phase, a renewed motion shall be filed concurrently with the joint proposed pretrial order."). Accordingly, Plaintiff's Proposed Joint Pretrial Order is DENIED.

## I.    <u>BACKGROUND</u>

This case arises from Plaintiff's contention that Defendants violated his civil rights during his incarceration at Clark County Detention Center ("CCDC"). (Am. Compl. at 1–2, ECF No. 3).  Specifically, Plaintiff alleges that Defendants used excessive force against him on multiple occasions. (*Id*. at 4–6, 7).  Plaintiff further asserts that Defendants' conduct was retaliatory in nature, as they assaulted him after he submitted a grievance complaining of their improper actions. (*Id*. at 6–7).  Many of Plaintiff's claims were dismissed in the Court's Screening Order. (*See generally* Screening Order, ECF No. 5).  Plaintiff's only remaining claims against Defendants are: (1) excessive force in violation of the Fourteenth Amendment; (2) retaliation in violation of the First Amendment; (3) assault; and (4) battery. (*Id*.).  Moreover, a single cause of action against only Defendant Malta remains for failure to intervene in violation of the Fourteenth Amendment. (*Id*.).  On August 8, 2022, Plaintiff filed a Motion for Appointment of Counsel, (ECF No. 16), which the Court subsequently granted on August 29, 2022. (*See generally* Order, ECF No. 21).  To date, however, Plaintiff's appointed counsel has not made an appearance on the record and the Court's Case Management/Electronic Case Filing ("CM/ECF") system reflects that Plaintiff is still proceeding *pro se*.

On January 13, 2023, Defendants filed the instant Motion for Summary Judgment. (Mot. Summ. J. ("MSJ"), ECF No. 26).  Defendants' Motion for Summary Judgment is primarily based on Plaintiff's failure to respond to their first set of requests for admission. (*Id*. 5:9–6:20).  Defendants' first set of requests for admission required Plaintiff to "respond to the following requests for admission set out below in accordance with the provisions of Rule 36 of the Federal Rules of Civil Procedure . . . within thirty (30) days . . . ." (First Set Requests Admission 1:20–22, Ex. E to MSJ, ECF No. 26-5).  Defendants certified that this request was served on Plaintiff on July 22, 2022. (*Id*. 7:1–6, Ex. E to MSJ).  Because Plaintiff failed to respond to or contest Defendants' first set of requests for admission, Defendants assert that the

facts underlying the request are automatically deemed admitted pursuant to Fed. R. Civ. P. 36(a). (MSJ 5:9–6:20).  Thus, Defendants maintain that summary judgment is warranted because "Plaintiff can no longer forward any genuine issue of material fact . . ." (*Id.* 6:19–20).

Defendants' are generally correct that when a party fails to respond to requests for admission within thirty days after service, those requests are automatically deemed admitted. Fed. R. Civ. P. 36(a)(3).  If admitted, the matter "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Nevertheless, Rule 36(b) "permits the district court to exercise its discretion to grant relief from an admission made under Rule 36(a) only when (1) the presentation of the merits of the action will be subserved, and (2) the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (internal quotation marks and citations omitted).  Under the second prong of this test, "[t]he party relying on the deemed admission has the burden of proving prejudice." *Id.* at 622 (citing Fed. R. Civ. P. 36(b)).

In *Diggs v. Keller*, a *pro se* prisoner plaintiff faced a summary judgment motion from the defendants based on admissions which were deemed admitted because of the plaintiff's failure to respond to a set of requests for admission. 181 F.R.D. 468, 469 (D. Nev. 1998).  The request for admission did not advise the plaintiff that failure to respond would entail that the matters in the requests would be deemed admitted. *Id.*  The plaintiff explained that he did not respond to the request for admission based on the mistake thought that he could answer the requests for admissions in person at an oral deposition. *Id.*  Citing *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988), the court in *Diggs* held that "*pro se* prisoners are entitled to notice that matters found in requests for admission will be deemed admitted unless responded to within 30 days after such requests have been served." *Id.* ("To hold otherwise would allow

parties opposing pro se prisoner complaints to use Rule 36 procedures as a snare which prevents pro se prisoners from opposing summary judgment.").

The factual circumstances of the instant case are unlike *Diggs* in that Plaintiff has not explained why he did not respond to the request for admission, nor has he filed a response to Defendants' Motion for Summary Judgment. Nevertheless, the Court finds *Diggs* instructive. It is undisputed that Plaintiff was proceeding *pro se* during the time he failed to respond to Defendants' first set of requests for admission. (First Set Requests Admission 1:20–22, Ex. E to MSJ); (Order Granting Appointment of Counsel). As in *Diggs*, Defendants' first set of requests for admission fails to inform Plaintiff that the matters therein would be admitted should he fail to timely respond. (*See generally* First Set Requests Admission, Ex. E to MSJ). And without such notice, Plaintiff was not advised and likely not aware that the failure to respond to the request would result in the admission of the matters contained in the request that could be used in a motion for summary judgment. *See Diggs*, 181 F.R.D at 469.

Accordingly, the Court will grant Plaintiff additional time to respond to Defendants' requests for admissions and advise him of the necessity of answering. *See* Fed. R. Civ. P. 36(a)(3) (authorizing court to extend or shorten time to respond to requests for admissions); *Allen v. City of Reno*, No. 3:20-cv-00432, 2022 WL 16964586, at *2 (D. Nev. Nov. 16, 2022) (enlarging time for the plaintiff to file a response to request for admission where the defendant's request failed to warn plaintiff of the consequence of not responding); *United States v. $30,464.00 in U.S. Currency*, 2015 WL 10937514, at *3 (C.D. Cal. Feb. 9, 2015) ("Before a matter is deemed admitted against a *pro se* prisoner for failure to respond, the RFA should contain a notice advising the party of the deadline and the consequences for [sic] not responding"); *Medina v. Donahoe*, 854 F. Supp. 2d 733, 748 (N.D. Cal. 2012) (requests for admissions must contain a notice warning a *pro se* litigant that the matters shall be deemed admitted unless the request is responded to within thirty days); *Jones v. McGuire*, 2012 WL

2376290, at *8 (E.D. Cal. June 22, 2012), adopted, 2012 WL 4344539 (E.D. Cal. Sept. 21, 2012) (declining to give effect to allegedly deemed admissions on summary judgment, where defendants did not provide such notice to *pro se* prisoner plaintiff).  In light of the extension of time granted to Plaintiff, the Court will deny Defendants' Motion for Summary Judgment without prejudice as premature.

## II.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment, (ECF No. 26), is **DENIED without prejudice.**

**IT IS FURTHER OREDERED** that Plaintiff shall have until April 14, 2023 to respond to Defendants' first set of requests for admission.  Plaintiff is advised and notified that pursuant to Fed. R. Civ. P. 36 that the matters contained in Defendants' requests for admission shall be deemed admitted and used as undisputed facts in Defendants' summary judgment order unless Plaintiff provides responses to Defendants' admission **by April 14, 2023.**

**IT IS FURTHER ORDERED** that Plaintiff's Proposed Joint Pretrial Order is **DENIED without prejudice**.

**DATED** this __14__ day of March, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT