UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Courtney Motley,

            Plaintiff,

    v.

M. Malta, an individual;
C. Miranda, an individual,

            Defendants.

CASE NO.: 2:21-cv-02075-GMN-BNW

JOINT PRETRIAL ORDER

After pretrial proceedings in this case, IT IS ORDERED:

I.

**This action is for**: Alleged violations of Plaintiff Courtney Motley's ("***Motley***") Federal Constitutional Rights, brought pursuant to 42 U.S.C. § 1983, for excessive force and retaliation. Furthermore, this action is for alleged violations of Nevada state law for assault and battery.

This case arises from two separate altercations between Motley—an incarcerated man at the Clark County Detention Center ("***CCDC***")—and two Corrections Officers—Matthew Malta ("***Ofc. Malta***") and Carlos Miranda ("***Ofc. Miranda***").

II.

**Statement of jurisdiction**: This action arises under 28 U.S.C. § 1331, insofar as it relates to Motley's Federal Constitutional Claims. The Court has supplemental jurisdiction over Motley's state law claims pursuant to 28. U.S.C. § 1367(a).

III.

**The following facts are admitted by the parties and require no proof**:

1. At the time of the allegations giving rise to this action, Motley was an incarcerated man at CCDC.

2. At the time of the allegations giving rise to this action, Ofc. Malta and Ofc. Miranda were corrections officers at CCDC.

3. On April 4, 2022, Motley pleaded guilty to an unlawful act related to human excrement or bodily fluid (Gross Misdemeanor) in violation of NRS 212.189.

IV.

**The following facts, though not admitted, will not be contested at trial by evidence to the contrary**:

None at this time.

V.

**The following are the issues of fact to be tried and determined at trial**:

1. Whether on September 17-18, 2021, Motley intentionally or accidentally spilled a cup of his own urine on Ofc. Malta.

2. Whether on September 17-18, 2021, Motley intentionally or accidentally spilled a cup of water on Ofc. Malta.

3. Whether in response to either allegedly intentionally or accidentally spilling water or urine on Ofc. Malta, or unprovoked on September 17-18, 2021, Ofc. Malta intentionally grabbed Motley's arm, slammed his hand and fingers in the food trap, and threatened to kill his family.

4. Whether the days after the September 17-18, 2021, incident, Ofc. Malta retaliated against Motley for filing a grievance by depriving him of meals.

5. Whether when Motley was allegedly deprived of his meals, such deprivation was in retaliation for Motley's grievance filings against the Defendant Officers, or whether it was in response to Motley's disruptive behavior.

6. Whether on September 24, 2021, Motley or his cell neighbor were flooding their cells.

7. Whether on September 24, 2021, when Defendant Ofcs. Malta and Miranda approached Motley's cell he threw urine-soaked towels through his food trap door., in an attempt to strike the officers or simply to remove urine-mixed water out of his cell.

8. Whether on September 24, 2021, when Defendant Ofcs. Malta and Miranda approached Motley's cell, he attempted to take Ofc. Malta's duty belt.

9. Whether on September 24, 2021, after Motley was allegedly unable to take Ofc. Malta's duty belt, he spit on the officers and said, "I'm gonna take your taser bitch!"

10. Whether on September 24, 2021, Ofc. Malta and Ofc. Miranda intentionally slammed Motley's hand and fingers in the food trap, kicked his arm, and punched him in the face.

**VI.**

**The following are the issues of law to be tried and determined at trial**:

1. Whether Ofc. Malta's alleged actions related to the September 17-18, 2021; altercation constitute excessive force in violation of Motley's Fourteenth Amendment Rights.

2. Whether Ofc. Malta's alleged actions in depriving Motley of meals after a grievance was filed after the September 17-18, 2021, altercation constitute retaliation, in violation of his First Amendment Rights.

3. Whether Ofc. Malta's and Ofc. Miranda's alleged actions relating to the September 24, 2021, incident constitute excessive force in violation of Motley's Fourteenth Amendment Rights.

4. Whether Ofc. Malta intended to cause harmful or offensive contact with Plaintiff's person, and whether Plaintiff was in apprehension of such contact in reference to the September 17-18, 2021, altercation.

5. Whether Ofc. Malta intended to cause harmful or offensive contact with Plaintiff's person, and whether such contact did occur in reference to the September 17-18, 2021, altercation.

6. Whether Ofc. Malta and Ofc. Miranda intended to cause harmful or offensive contact with Plaintiff's person, and whether Plaintiff was in apprehension of such contact in reference to the September 24, 2021, altercation.

7. Whether Ofc. Malta and Ofc. Miranda intended to cause harmful or offensive contact with Plaintiff's person, and whether such contact did occur in reference to the September 24, 2021, altercation.

8. Whether Ofc. Malta's alleged actions related to the September 17-18, 2021, altercation was intentional, malicious, or with evil intent, justifying punitive damages.

9. Whether Ofc. Malta's and Ofc. Miranda's alleged actions related to the September 24, 2021, altercation was intentional, malicious, or with evil intent, justifying punitive damages.

**VII.**

**(a) The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:**

| Exhibit | Description | Bates No. |
|---------|-------------|-----------|
| 1 | CCDC Staff Request and Grievance Records | LVMPD000010-LVMPD000058 |
| 2 | CCDC Inmate History Reports | LVMPD000089-LVMPD000101 |
| 3 | Declaration of Arrest | LVMPD000102-LVMPD000105 |
| 4 | Judgment of Conviction | LVMPD000106-LVMPD000107 |
| 5 | Officer Incident Reports (September 17-18, 2021) | LVMPD000108-LVMPD000114 |
| 6 | Officer Incident Reports (September 24, 2021) | LVMPD000115-LVMPD000116 |
| 7 | Plaintiff's WellPath Medical Records | LVMPD000118-LVMPD000417 |

**(b) As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:**

(1) Plaintiff's exhibits and objections: None.

(2) Defendants exhibits and objections: None.

**(c) Electronic evidence:**

At this time, the parties do not anticipate submitting electronic evidence to the Court at the time of trial, but respectfully reserve the right to do so if the need arises.

(d) **Depositions**: None.

(e) **Objections to depositions**: None.

**The following witnesses may be called by either of the parties at trial:**

(a) Courtey Motley
c/o John J. Pictum III, Esq.
Holley Driggs
300 S. Fourth St., Suite 1600
Las Vegas, Nevada 89011

(b) Ofc. Matthew Malta, CO # 18565
Las Vegas Metropolitan Police Department
c/o Robert Freeman and E. Matthew Freeman
Lewis Brisbois Bisgaard & Smith LLP
6385 S. Rainbow Blvd., Suite 600
Las Vegas, Nevada 89118

(c) Ofc. Carlos Miranda, CO #17905
    Las Vegas Metropolitan Police Department
    c/o Robert Freeman and E. Matthew Freeman
    Lewis Brisbois Bisgaard & Smith LLP
    6385 S. Rainbow Blvd., Suite 600
    Las Vegas, Nevada 89118

(d) Ofc. B. Diaz, CO # 16294
    Las Vegas Metropolitan Police Department
    c/o Robert Freeman and E. Matthew Freeman
    Lewis Brisbois Bisgaard & Smith LLP
    6385 S. Rainbow Blvd., Suite 600
    Las Vegas, Nevada 89118

(e) Custodian of Records and/or Person Most Knowledgeable
    Las Vegas Metropolitan Police Department
    c/o Robert Freeman and E. Matthew Freeman
    Lewis Brisbois Bisgaard & Smith LLP
    6385 S. Rainbow Blvd., Suite 600
    Las Vegas, Nevada 89118

(f) Fed. R. Civ. P. 30(b)(6) – Training Policies, Practices, and Customs
    Las Vegas Metropolitan Police Department
    c/o Robert Freeman and E. Matthew Freeman
    Lewis Brisbois Bisgaard & Smith LLP
    6385 S. Rainbow Blvd., Suite 600
    Las Vegas, Nevada 89118

(g) Fed. R. Civ. P. 30(b)(6) – Hiring Policies, Practices, and Customs
    Las Vegas Metropolitan Police Department
    c/o Robert Freeman and E. Matthew Freeman
    Lewis Brisbois Bisgaard & Smith LLP
    6385 S. Rainbow Blvd., Suite 600
    Las Vegas, Nevada 89118

(h) Fed. R. Civ. P. 30(b)(6) – Supervision, Practices, and Customs
    Las Vegas Metropolitan Police Department
    c/o Robert Freeman and E. Matthew Freeman
    Lewis Brisbois Bisgaard & Smith LLP
    6385 S. Rainbow Blvd., Suite 600
    Las Vegas, Nevada 89118

## VIII.

The attorneys or parties have met and jointly offer these three trial dates:

May 6-10, 2024                June 3-7, 2024                July 22-26, 2024

1  It is expressly understood by the undersigned that the court will set the trial of this matter on one

2  of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the court's

3  calendar.

### IX.

It is estimated that the trial will take a total of three to four days.

Approved as to Form and Content:

Dated: January 11, 2024.

LEWIS BRISBOIS BISGAARD & SMITH

/s/ Matt Freeman
ROBERT W. FREEMAN
Nevada Bar No. 3062
E. MATTHEW FREEMAN
Nevada Bar No. 14198
6385 S. Rainbow Blvd, Suite 600
Las Vegas, Nevada 89118
*Attorney for Defendants
Corrections Officer Matthew Malta
Corrections Officer Carlos Miranda*

Dated: January 11, 2024.

HOLLEY DRIGGS

/s/ John Pictum
JOHN J. PICTUM III
Nevada Bar No. 15979
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
*Attorney for Plaintiff*

### X. ACTION BY THE COURT

This case is set for a jury trial on the stacked calendar on 5/6/2024 at 8:30 a.m. Calendar Call will be held on 4/30/2024 at 9:00 a.m.

This pretrial order has been approved by the parties to this action as evidenced by their signatures or the signatures of their attorneys hereon, and the order is hereby entered and will govern the trial of this case. This order may be amended except by court order and based upon the parties' agreement or to prevent manifest injustice.

DATED: January 11, 2024

_____
UNITED STATES DISTRICT JUDGE