ROBERT W. FREEMAN
Nevada Bar No. 3062
Robert.Freeman@lewisbrisbois.com
E. MATTHEW FREEMAN
Nevada Bar No. 14198
Matt.Freeman@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
*Attorneys for Defendants*
*Corrections Officer Matthew Malta*
*Corrections Officer Carlos Miranda*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA, SOUTHERN DIVISION

\*\*\*

| | |
|---|---|
| COURTNEY MOTLEY, | CASE NO. 2:21-cv-02075-GMN-BNW |
| Plaintiff, | **NOTICE OF JOINT MOTION OF ALL PARTIES TO VACATE JUDGMENT PURSUANT TO SETTLEMENT** |
| vs. | |
| M. MALTA, C. MIRANDA | |
| Defendants. | |

COMES NOW Corrections Officer Matthew Malta and Corrections Officer Carlos Miranda ("Defendants"), by and through their attorneys of record, Robert W. Freeman, Esq. and E. Matthew Freeman, Esq., of Lewis Brisbois Bisgaard & Smith, LLP, and Plaintiff Courtney Motley, individually, and acting *pro se*, and hereby jointly request that the Court vacate its Judgment against Defendants, entered on March 12, 2026. (ECF No. 156). This request comes pursuant to a settlement reached while on appeal through the Ninth Circuit Mediation Program. This motion is made and based upon Rule 60(b) of the Federal Rules of Civil Procedure, on the grounds that the proposed settlement avoids the hardship of a costly and uncertain appeal and satisfies other equities in this matter.

…

…

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

175628910.1

The motion is based on this notice, the attached memorandum of points and authorities, the files and records in this action, and such other evidence as the Court may permit to be presented.

DATED the 22 day of June , 2026.

DATED the 22 day of June , 2026.

_____
COURTNEY MOTLEY
#1210895
High Desert State Prison
P.O. Box 650
Indian Springs, Nevada 89070-0650
*Plaintiff in Proper Person*

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

_____
ROBERT W. FREEMAN
Nevada Bar No.: 3062
E. MATTHEW FREEMAN
Nevada Bar No.: 14198
6385 S. Rainbow Blvd., Ste. 600
Las Vegas, Nevada 89118
*Attorneys for Defendants*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

175628910.1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    **INTRODUCTION**

The Parties stipulate that the facts stated in this Introduction are true and correct.

A.    **Nature of the case.**

This case arises out of two use of force incidents against Plaintiff that occurred on September 17/18, 2021, and September 24, 2021.  On those dates, Plaintiff was an incarcerated inmate being housed at the Clark County Detention Center.  In response to both incidents, Plaintiff alleged the Defendant Officers violated his Fourteenth Amendment rights against excessive force and First Amendment rights against retaliation.

B.    **Judgment against Defendants**

After the Bench Trial, held on January 26, 2026, in front of U.S. District Court Judge Navarro, Judgment was entered against Defendants and in favor of Plaintiff.  (ECF No. 156). Plaintiff was awarded $10,005 in compensatory damages, and $5,000 in punitive damages against Defendant Malta, and $10,000 in compensatory damages, and $5,000 in punitive damages against Defendant Miranda, totaling $30,005.

C.    **Appeal to the Ninth Circuit of Appeals; Conditional settlement.**

On March 27, 2026, Defendants filed their Notice of Appeal from the Judgment.  (ECF No. 159).  The case was assigned to the Ninth Circuit Mediation Program.  The Parties participated in a Mediation Assessment Conference on April 21, 2016.  During the Assessment Conference the Parties expressed their desire the settle the case. With the assistance of the Circuit Mediator, the parties reached a settlement of the appeal conditioned upon the vacatur by the District Court of its March 12, 2026, Judgment in Favor of Courtney Motley.  (ECF No. 156). The terms of the conditional settlement specify that Defendants will pay Plaintiff $30,005, *conditioned upon* the granting by this Court of a joint motion of the parties to vacate the March 12, 2026, Judgment in Favor of Courtney Motley.

To effectuate the conditional settlement, the Court of Appeals for the Ninth Circuit, on stipulation of the parties, dismissed the appeal, without prejudice subject to reinstatement should this Court decline to grant the parties' joint request for vacatur.  (That order of dismissal without

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

prejudice to reinstatement is part of the parties' Joint Request for Judicial Notice filed herewith.) Upon vacatur of the Judgment, Defendants will dismiss the appeal, with prejudice.

The Parties now bring the present joint motion for vacatur of the Judgment pursuant to the settlement agreement.

II.    **RELEVANT STANDARD**

Federal Rule of Civil Procedure 60(b) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" where "the judgment has been satisfied, released or discharged," "applying it prospectively is no longer equitable," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5), (6).

The Ninth Circuit has held that a district court must balance the equities when asked to vacate its own judgment or order – extraordinary or exceptional circumstances need not be found.[1] *American Games, Inc. v. Trade Products, Inc.*, 142 F.3d 1164, 1168 (9th Cir. 1998). In determining whether the equities favor vacatur, the district court should consider "the consequences and attendant hardships of dismissal or refusal to dismiss and the competing values of finality of judgment and [the] right to relitigation [sic] and unreviewed disputes." *Ibid.* (internal quotation marks omitted); *accord Cammermeyer v. Perry*, 97 F.3d 1235, 1239 (9th Cir. 1996); *Dilley v. Gunn*, 64 F.3d 1365, 1370-71 (9th Cir. 1995); *Ringsby Truck Lines v. Western Conference of Teamsters*, 686 F.2d 720, 721 (9th Cir. 1982).

Moreover, the policy of encouraging settlements is favored by the courts. *National Union Fire Insurance Company v. Seafirst Corp.*, 891 F.2d 762, 768 (9th Cir. 1989) (citing *Ahern v. Central Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988)). When a settlement between the parties is conditioned upon the district court's grant of vacatur, this factor should be weighed and considered by the district court when balancing the equities. *National Union Fire, supra*, 891 F.2d

---

[1] Extraordinary or exceptional circumstances are, however, required for an appellate court to vacate a district court's judgment. *U.S. Bancorp Mortgage Co v. Bonner Mall Partnership*, 513 U.S. 18, 115 S. Ct. 386, 130 L.Ed.2d 233 (1994). Notably, depending on which court is making the vacatur decision, the standard to be applied is different. Thus, a district court enjoys greater equitable discretion when reviewing its own judgments than does an appellate court operating at a distance. *American Games, Inc. v. Trade Products, Inc.*, 142 F.3d 1164, 1170 (9th Cir. 1998).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

175628910.1                                    4

at 768; *Nestle Co. v. Chester's Market, Inc.*, 756 F.2d 280 (2d Cir. 1985).

III.   **LEGAL ARGUMENT(S)**

Here, equitable considerations support the Parties' joint request for vacatur, particularly since their settlement is conditioned upon vacatur. Primarily, the equities favor vacatur because the consequences and hardships of this Court's refusal to vacate would be significant. This Court's granting of the parties' joint request for vacatur will bring pending and protracted appeal litigation to an end. Conversely, denial of the joint motion for vacatur will be counterproductive as it would lead to more litigation between the parties associated with the pending Ninth Circuit appeal.

Both Plaintiff and Defendants Malta and Miranda have limited resources and seek to avoid the substantial hardships imposed by a lengthy, costly, and uncertain appeal. *See Nesle, supra,* 756 F.2d at 282. The parties, therefore seek to strike a reasonable compromise. Under the settlement's terms, Plaintiff will recover the full Judgment amount of $30,005, without subjecting Defendants Malta and Miranda to a Judgment against them and the imposition of punitive damages. If settlement is not achieved because of denial of the vacatur motion and the appeal is reinstated, both parties will face increased time, and costs associated with said appeal, the result of which is wholly uncertain at this time.

Moreover, the judicial and public policy interests in preserving the full effect and finality of judgments will not be thwarted by this Court granting the parties' joint motion for vacatur. The Judgment does not advance a new point of law. Moreover, with vacatur, the desire for review of the legal and factual findings will become wholly moot, and the parties will achieve the needed and early certainty as to outcome. Vacatur will not affect the Court's interest in preserving finality because presently the decisions of the District of Nevada on issues of excessive force and retaliation are more than sufficiently expansive and on point. *See e.g. Coney v. Lozo*, Case No. 2:23-cv-01645-CDS-EJY, 2024 WL 2271553, at *3 (D. Nev. May 20, 2024); *see also e.g. Howard v. Foster*, 208 F.Supp.3d 1152, 1159 (D. Nev. 2016). Others involved in constitutional violation litigation arising out of § 1983 will not be prejudiced by the vacatur of this Judgment, as other substantially similar precedent is available.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

175628910.1                                                                 5

Additionally, other equitable considerations support the parties' joint request for vacatur. Unlike other Ninth Circuit cases where the parties' actions have voluntarily mooted the district court's opinion, here, the Judgment is not moot because of the conditional settlement. *National Union Fire, supra,* 891 F.2d at 768; *Ringsby, supra,* 6a86 F.2d at 721. Thus, the issue before this Court is "whether to vacate to make the case moot." *National Union Fire, supra,* 891 F.2d at 768.

IV. **CONCLUSION**

Pursuant to the foregoing facts, precedent, and legal arguments, the parties respectfully submit that it is appropriate for this Court to vacate the March 12, 2026, Judgment in Favor of Courtney Motley to facilitate implementation of the parties' settlement.

DATED this *12* day of ___JUNE__, 2026.

LEWIS BRISBOIS BISGAARD & SMITH LLP

_____
Robert W. Freeman, Jr., Esq.
Nevada Bar No. 3062
E. Matthew Freeman, Esq.
Nevada Bar No. 14198
6385 S. Rainbow Blvd., Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendants*
*Corrections Officer Matthew Malta*
*Corrections Officer Carlos Miranda*

**CERTIFICATE OF SERVICE.**

I HEREBY CERTIFY that on the _12_ day of _June_, 2026, I electronically filed the **NOTICE OF JOINT MOTION OF ALL PARTIES TO VACATE JUDGMENT PURSUANT TO SETTLEMENT** with the Clerk of the Court through Case Management/Electronic Filing System.

COURTNEY MOTLEY
#1210895
High Desert State Prison
P.O. Box 650
Indian Springs, Nevada 89070-0650
Plaintiff in Proper Person

_____
Employee of LEWIS BRISBOIS BISGAARD & SMITH LLP

For the reasons stated in the Joint Motion of All Parties to Vacate Judgment Purusant to Settlement, (ECF No. 168), IT IS HEREBY ORDERED that the Joint Motion is GRANTED.

DATED June 24, 2026

_____
Gloria M. Navarro
United States District Judge

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

175628910.1                    7